IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

- - -

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO. 10-720-1 |
| | : |
| v | : |
| | : |
| ROBERT S. BROMLEY, | : Philadelphia, Pennsylvania |
| | : October 24, 2011 |
| Defendant | : 10:04 a.m. |

- - -

TRANSCRIPT OF MOTIONS HEARING
BEFORE THE HONORABLE CYNTHIA M. RUFE
UNITED STATES DISTRICT JUDGE

- - -

APPEARANCES:

For the Government:   FAITHE MOORE TAYLOR, ESQUIRE
                      Assistant United States Attorney
                      United States Attorney's Office
                      615 Chestnut Street
                      Suite 1250
                      Philadelphia, PA   19106

For the Defendant:    ANGELO L. CAMERON, ESQUIRE
                      A. Lee Cameron, LLC
                      100 South Broad Street
                      Suite 2226
                      Land Title Building
                      Philadelphia, PA   19110

*Transcribers Limited*
*17 Rickland Drive*
*Sewell, NJ 08080*
856-589-6100 • 856-589-9005

1  Audio Operator:        Erica Pratt

2  Transcribed By:        Donna M. Anders

3                                - - -

4          Proceedings recorded by electronic sound
   recording; transcript produced by computer-aided
5  transcription service.

6                                - - -

1                    (The following was heard in open court at
2      10:04 a.m.)
3                    THE COURT: Good morning.
4                    ALL: Good morning, Your Honor.
5                    THE COURT: Please be seated. I called this
6      status hearing because there are pending motions to
7      address. At the same time, the government has an
8      outstanding motion to consolidate a number of cases
9      under one umbrella, that is the umbrella that would be
10     Judge Joyner, I think, or some judge.
11                   I know that Judge Joyner is our chief judge,
12     and he is the judge that must approve such a motion.
13     So I am not here to work on that motion, and that would
14     be Document 10, the government's motion to consolidate.
15                   I thought it would be appropriate to cite
16     that this Court had no position, or did not oppose it,
17     but it really does not seem to be my province, although
18     I am confused by that, counsel, because I felt that as
19     much as this Court has been properly assigned Mr.
20     Bromley's indictment, that some input or position from
21     the assigned judge was also appropriate.
22                   Do you know the status of that matter, that
23     is the government's motion?
24                   MS. TAYLOR: Your Honor, I do not. We filed
25     that motion approximately two weeks ago. When these

4

cases were originally returned, there were 37 total cases returned.

When the case was originally filed, there was no related case rule because this case goes back years as far as sealed indictments. During the pendency of the case, the related case rule did become effect in the District.

We then did not relate the cases because we didn't know who to relate them to, and they were all sealed. So we couldn't relate sealed matters. It's kind of an administrative nightmare.

THE COURT: I think it is.

MS. TAYLOR: When they were unsealed we, therefore, filed the motion to consolidate though not for trial, but for disposition before one court. We were informed by the clerks that we had to file that motion with Judge Joyner, and Judge Joyner would then speak to the ten other judges, if he felt appropriate, who had cases in the 37.

Now, 14 of them are misdemeanors and may be tried by consent before magistrate judges, though they are still also part of the pending consolidation motion because they, too, had to originally, according to the clerk's office, be assigned to a district court judge. So there are a myriad of administrative issues that are

1  all pending under the province of that motion.

2  So we apologize, but we did not consult any
3  court as we were instructed because there were so many
4  different judges, to simply file the motion with the
5  chief judge and then he would handle it as he believed
6  appropriate, and that is the advice that we followed.

7  So, as I spoke to Mr. Cameron last week and
8  this morning, there is also an issue because the
9  motions some of these attorneys filed are not coming to
10 myself and Ms. Lunkenheimer.

11 So, we are working with the clerks because
12 we're both noticed, but we don't get it. Quite
13 frankly, your clerk informed me there were pretrial
14 motions, and when I looked at them, we are trying to
15 work that out.

16 I believe that Mr. Cameron's opposition to
17 the consolidation must go before Judge Joyner because
18 he is the judge we filed the motion in front of, but we
19 were also required to docket it on all 37 cases since
20 it affected all 37 cases.

21 Mr. Cameron opposes, as he should, a joint
22 trial of this matter, because there is no reason to try
23 them together. If there were, we would have charged
24 them together.

25 THE COURT: They are not as he is charged, in

1  any event.

2  MS. TAYLOR: There is no reason to try any of
3  them together, and we have not charged them together,
4  nor have we moved to try them together. The motion to
5  consolidate is simply for resolution, not for a joint
6  trial, and we specifically say we are not seeking a
7  joint trial.

8  So, I have said that to Mr. Cameron --

9  THE COURT: But when you say for resolution,
10 what you really mean is if there are guilty pleas and
11 sentencings?

12 MS. TAYLOR: Correct, or trials, but those
13 trials would be before one judge, separate trials
14 before one judge. No defendants rights to proceed
15 would be affected by this.

16 They simply, quite frankly, would have the
17 benefit of one judge dealing with a myriad of these
18 cases and gaining the experience so that they can all
19 be treated in the end similarly and fairly.

20 THE COURT: Yes, that is how your motion is
21 filed.

22 MS. TAYLOR: So, we've gotten two
23 oppositions, not just Mr. Cameron's, and we have had to
24 reach out to those lawyers so that they understand what
25 they are opposing is not what we are seeking.

7

1    As to Mr. Cameron's other motions, which is
2  his motion for early Jencks, the government does not
3  believe this is a matter for early Jencks, and
4  certainly we don't believe in this kind of indictment
5  Mr. Cameron is entitled to it, though we file a written
6  response to that.
7    And, as to his motion for discovery, it's
8  really simply requesting discovery, and it is my hope
9  to get all discovery out in all 37 cases by the end of
10 this week, as I will be in Harrisburg on trial for two
11 weeks on another matter.
12   THE COURT:  Yes, that is why we wanted to
13 have the status hearing this week.  Maybe even Judge
14 Joyner will be able to deal with this this week --
15   MS. TAYLOR:  Right.
16   THE COURT:  -- so you will know what is going
17 on.  Well, Mr. Cameron, I tend to agree that the motion
18 is made to Judge Joyner, he needs to hear your argument
19 instead of me, but for the purposes of this hearing, I
20 never mind hearing it again.
21   Would you like to tell me why you oppose
22 the government's motion to consolidate for resolution,
23 that is, pretrial and guilty plea resolution and
24 sentencing?
25   MR. CAMERON:  Well, for the record, that is

8

1  why we are here. I now know and have clarification
2  from Ms. Taylor that -- well, my opposition was that I
3  opposed if there was going to be a joint trial. But,
4  since it is going to be separate and distinct trials,
5  it is moot now.
6      I was concerned about my client being tried
7  with the other 30 some number of defendants.
8      THE COURT: Believe you me, any judge would
9  be concerned about that as well.
10     MR. CAMERON: So that is now moot, so long as
11 it is just administratively and it is with one judge
12 and it is separate and distinct trials, that was what
13 my client's concern was.
14     So, I was just being overly -- well, we're
15 now clarified.
16     THE COURT: Do you think it would be helpful
17 to move that issue along if you clarified your
18 position, because when you read your response it looks
19 as if there is something that needs to be decided.
20     MR. CAMERON: Right.
21     THE COURT: If that is the understanding, if
22 that is your understanding with the government, and the
23 government has I think made that pretty clear --
24     MR. CAMERON: Yes.
25     THE COURT: -- because the order that they

```
                                                                9
```

1  have produced for the deciding judge's signature, says
2  it's "for purposes of individual disposition and
3  sentencing."  It says nothing about trial being
4  consolidated.
5              MR. CAMERON:  That's at first glance, but
6  then I now know that that is the position of the
7  government.  So, what I can do is just do a short,
8  short, short motion to withdraw my motion.
9              THE COURT:  Well, that is up to you.
10             MR. CAMERON:  Yes.
11             THE COURT:  I just think you need to clarify
12 your --
13             MR. CAMERON:  I will.
14             THE COURT:  -- response.
15             MR. CAMERON:  Yes.
16             THE COURT:  And at the same time, let's see
17 if we can do something productive here, that I can do
18 something about while this case is still on my docket,
19 and that is your motion for discovery and inspection.
20             When you ask first for the discovery, that
21 doesn't require under our rules a motion.  I'm
22 wondering if your motion itself is premature given that
23 the government is working on giving you discovery and
24 inspection of all computers.
25             MR. CAMERON:  Yes.  Now I know that by

1  Friday, and Ms. Taylor and I, we have known each other
2  in another case, on one big case.  So, I know that as
3  of Friday or early next week, I will have something
4  coming to my office, or I can go down there and pick it
5  up either on disk or on hard drive to inspect.
6          Because under the rules there are so many
7  days to produce pretrial motions, so I want to be
8  timely.
9          THE COURT:  You have been timely.
10         MR. CAMERON:  Okay.
11         THE COURT:  What I am going to do, however,
12 given this scenario is dismiss your motion as
13 premature, but dismiss it without prejudice.
14         MR. CAMERON:  Okay.  Fine.
15         THE COURT:  You may renew it any time
16 thereupon.
17         MR. CAMERON:  Fine.
18         THE COURT:  The first motion for release of
19 Brady materials and early disclosure of Jencks, I
20 believe that is quite premature because if it's Brady,
21 they are required to give it to you anyway, and you
22 don't have a specific reason why you think Brady
23 exists, and early disclosure of Jencks at this point in
24 the process of these cases, it is more premature than
25 most motions are.

So we are just going to do the same for all of them which doesn't take one right away from your client, and I want him to understand that, Mr. Bromley, that all of your rights will be exercised. Mr. Cameron is being particularly careful about making a record of all of your requests. These now will not be lost.

MR. CAMERON: Thank you, Your Honor.

THE COURT: Not with me if I am the judge and not with any other judge to whom this case may be reassigned.

THE DEFENDANT: Thank you.

THE COURT: And that way there is nothing left dangling and the judge isn't thinking that there is too many motions here, let's clean up the motions, they will be clean.

MR. CAMERON: All right. Thank you.

THE COURT: Okay.

THE DEFENDANT: Thank you.

THE COURT: Okay. Is there anything I can do to help the situation?

MR. CAMERON: No, that is clarified now, yes, Your Honor.

MS. TAYLOR: No, ma'am.

THE COURT: All right. Thank you. Mr. Bromley, there wasn't any requirement that you speak

12

1  today, so I didn't have you sworn in.
2          But, I will ask you since Mr. Cameron is
3  court appointed to represent you, do you agree with the
4  now new position that your attorney has espoused here,
5  that you will not oppose the government's motion to
6  consolidate for purposes of disposition and sentencing?
7          THE DEFENDANT:  Yes, Your Honor.
8          THE COURT:  All right.  Thank you, sir.  We
9  have no further business with you good counsel, and Mr.
10 Bromley.
11         MS. TAYLOR:  Thank you, Your Honor.
12         MR. CAMERON:  Thank you, Your Honor.
13         MR. CAMERON:  That concludes my business, may
14 I be excused?
15         THE COURT:  Yes.
16         MR. CAMERON:  Thank you.
17         MS. TAYLOR:  Same, Your Honor, that concludes
18 my business, may I be excused?
19         THE COURT:  Yes, you may.
20         MS. TAYLOR:  Thank you, Your Honor.
21         (Proceedings adjourned, 10:16 a.m.)
22                      * * *
23
24
25

CERTIFICATION

I, Donna M. Anders, do hereby certify that the foregoing is a true and correct transcript from the electronic sound recordings of the proceedings in the above-captioned matter.

11/18/11
Date

Donna M. Anders