## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

A. Lee Cameron, LLC
By: Angelo L. Cameron, Esquire
Identification No. 51058
100 South Broad Street, Suite 2226
Philadelphia, PA 19110
(215) 564-5022 Ext. 103 – Telephone
(215) 557-7651 – Facsimile
angelocameron@msn.com

Attorney for Mr. Robert Bromley

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
|---|---|---|
| | : | |
| v. | : | NO. 10-720 |
| | : | |
| MR. ROBERT BROMLEY | : | |

## OMNIBUS MOTION FOR MR. ROBERT BROMLEY

### ANGELO L. CAMERON, ESQUIRE
**Attorney for Defendant, Mr. Robert Bromley**

# TABLE OF CONTENTS

Notice of Motion............................................................................................3

Affirmation................................................................................................4

Introduction................................................................................................5

Motion for Additional Discovery........................................................................6

Request for Notice of Government Intention to Use Evidence and
Memorandum of Law......................................................................................10

Motion and Memorandum for Government Agents to Retain Rough Notes
And Writings..............................................................................................13

Motion and Memorandum for Order Requiring Government to Produce
Government Witnesses so that Defense Counsel Can Interview Them.............................15

Motion for Names and Addresses of Witnesses and Informants
And Memorandum of Law................................................................................18

Brief in Support of Motion for Witness List..........................................................20

Motion for Early Disclosure of Jenck's Act Material and Incorporated
Memorandum of Law......................................................................................26

Motion for Production of Interview Reports with Individuals who will not
Be called as Witnesses at Trial or not be permitted as Witnesses at Trial.......................27

Motion for Disclosure of Government's Intention to Introduce Evidence of Prior
Acts, or Convictions of the Defendant and Memorandum in Support Thereof...................29

Motion to Join Motions of Co-Defendants............................................................31

Motion to Suppress Audio and Video Recordings....................................................32

Certificate of Service.....................................................................................35

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO. 10-720 |
| | : | |
| MR. ROBERT BROMLEY | : | |

### NOTICE OF MOTION

PLEASE TAKE NOTICE that upon the Affirmation of Angelo L. Cameron, Esquire, and upon all the proceedings heretofore had, the undersigned will move this Honorable Court on behalf of Mr. Robert Bromley at a date and time to be designated by the Court for an order granting the relief requested in Counsel's Affirmation and for such other and further relief as is just and proper under all circumstances. Oral argument is requested on all issues.

Date:  Philadelphia, Pennsylvania
         December 8, 2011

Angelo L. Cameron, Esquire
100 S. Broad St., Suite 2226
Philadelphia, PA 19110
215-564-5022

Attorney for Defendant
Mr. Robert Bromley

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :      CRIMINAL ACTION
                               :
               v.              :      NO. 10-720
                               :
MR. ROBERT BROMLEY            :

---

## AFFIRMATION

ANGELO L. CAMERON, under penalty of perjury, states the following:

ANGELO L. CAMERON is an attorney duly licenses to practice law in the State and Federal Courts of Pennsylvania with Offices at Land Title Building, 100 S. Broad Street, Suite 2226, Philadelphia, PA 19110.

ANGELO L. CAMERON represents MR. ROBERT BROMLEY and is familiar with the facts and circumstances surrounding this case, as well as legal issues presented by the Indictment.

This affirmation is supplied in support of an Omnibus Motion made pursuant to the Federal Rules of Criminal Procedure. The different subjects and topics discussed in this application are conveniently divided under appropriate subheadings, which contain requests for Orders granting various forms of relief.

## INTRODUCTION

This matter which involves multiple co-defendants has been assigned to the Honorable C. Darnell Jones, II, United States District Judge for the Eastern District of Pennsylvania. Counsel was provided discovery and visited with the Defendant on several occasions. This Motion is made after reviewing limited selected discovery and discussing same with the Defendant.

# MOTION FOR ADDITIONAL DISCOVERY

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the Defendant requests:

A. The substance of any oral statement of Defendant, Co-Defendants, Co-Conspirators and others, if any, which the government intends to offer at trial.

B. Pursuant to the Due Process Clause of the Fifth Amendment to the U.S. Constitution as well as <u>Brady v. Maryland</u>, 373 U.S. 83, <u>United States v. Agurs</u>, 427 U.S. 97 (1976), <u>Giglio v. United States</u>, 405 U.S. 150 (1972) and <u>Youngblood v. West Virginia</u>, 126 S. Ct. 2188 (2006), any evidence favorable to the accused which is material either to guilt or to punishment, and which is within the possession or control of, the existence of which is known to, or by the exercise of due diligence which could become known by the government. This information should include, but not be limited to:

1. Any and all information whether written or oral, of all interviews of each informant and/or intended government witness whether or not the government intends to use such information at trial if said information would be impeaching under the <u>Agurs</u> test. Specifically, all information about every interview, whether recorded or not, with any co-defendant or unindicted co-conspirator.

2. Any and all reports and information revealing a bad character trait of any intended government witness or informant including but not limited to his or her arrest or conviction record, whether federal, state or local, whether adult or juvenile, and the nature of the offense.

3. Any and all information concerning the drug use of any government witness or informant. The type of drug used and the extent to which the drug was used. Such is

discoverable under <u>U.S. v. Brady</u> in light of the known scientific documentation concerning the heavy confabulation of drug users.

4. Any scientific of medical report which tends to establish the accused's innocence, to mitigate punishment, or to impeach the credibility or contradict the testimony of any witness whom the government will call at the trial of this cause. <u>Ashley v. Texas</u>, 319 F.2d 80 (5th Cir.).

5. Any and all consideration or promises of consideration given to or on behalf of any intended government witness or informant or expected or hoped for by the witness or informant. By "consideration" of the Defendant refers to absolutely anything, whether bargained for or not, which arguably could be of value or use to a witness or to persons of concern to the witness, including but not limited to formal or informal direct or indirect: leniency, favorable treatment or recommendations or other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, tax court, court of claims, administrative or other dispute with the government or with any other authority or with any other parties, criminal, civil or tax immunity grants; relief from forfeiture; payments of money, rewards or fees, witness fees and special witness fees, provision of food, clothing, shelter, transportation, legal services or other benefits; placement in a "witness protection program; informer status of the witness; and anything else which arguably could reveal an interest, motive or bias in the witness or informant in favor of the government or against the defense or act as an inducement to testify or to color testimony or to act or have acted in cooperation with law enforcement in this case as well as any and all past or previous ties between the confidential informant and other

governmental agencies, including the D.E.A., U.S. Customs, F.B.I., C.I.A., A.T.F., and the Secret Service, and what benefits he has received from these different agencies.

6. Any and all threats of prosecution or other "inducements", expressed or implied, direct or indirect, or other coercion made or directed against any intended government witness, or informant, criminal prosecutions, investigation, or potential prosecutions pending or which could be brought against the witness or informant, any probationary, parole, deferred prosecution, or custodial status of the witness, and any civil, tax court, court of claims, administrative, or other pending or potential legal disputes or transactions with the government or over which the government has real, apparent or perceived influence.

7. The existence and identification of each occasion on which any intended government witness or informant has testified before any court, grand jury, or other tribunal or body in relation to the Defendant, the investigation or the facts of this case. In addition, the recorded testimony of all such individuals who appeared before any such court, grand jury, or other tribunal or body and if not recorded, the substances of said testimony, where the testimony reflects statements materially inconsistent with statements of other government witnesses or tends to show that the witness or other government witnesses concealed or distorted the truth.

8. Any and all other records and/or information which arguably could be helpful or useful to the defense in impeaching or otherwise detracting from the probative force of the government's evidence or which arguably could lead to such records of information, including but not limited to, any and all scientific, hospital, medical,

psychiatric, psychological, social work, mental health, drug and/or alcohol, pre-sentence credibility or competence of any of the prospective witnesses for the government.

9.  Any application for Orders of Immunity and Orders of Immunity for any intended government witness and any informal grants or promises of immunity to said witness.

    The impeaching evidence requested is for investigative as well as impeaching purposes. Thorough investigation takes time. As one court noted:

    > It should be obvious to anyone involved with criminal trials that exculpatory information may come too late if it is only given at trial, and that effective implementation of <u>Brady v. Maryland</u> must therefore require earlier production in at least some situations. <u>United States v. Deutsch</u>, 373 F. Supp. 289, 290 (S.D.N.Y. 1974).

10. A list of those alleged conspirators who, by nature of the conspiracy, should have known MR. ROBERT BROMLEY, but did not.

## REQUEST FOR NOTICE OF GOVERNMENT INTENTION
## TO USE EVIDENCE AND MEMORANDUM OF LAW

COMES NOW, the Defendant, by and through the undersigned counsel, and respectfully moves this Court for the entry of an order pursuant to Rule 12(d) of the Federal Rules of Criminal Procedure and the principles of Brady v. Maryland, 373 U.S. 83 (1963), directing the government to make inquiry into and to serve and file specific written notice of:

1. Any and all evidence or information in its possession, custody, or control or the existence of which is known, or by the exercise of due diligence could become known to the government and which evidence or information arguably is subject to a motion at the instance of any person to suppress evidence or information which the government presently or at any time intends, contemplates, or considers using at trial in its case-in-chief, or rebuttal or otherwise.

2. Any and all grounds upon and reasons for which said evidence may be subject to suppression. Specifically, but not inclusive, and not interfering with other defense motions in this respect, the Defendant requests that the government disclose the circumstances surrounding the authorization, if any, with respect to the recording and monitoring of oral conversations had between the government agents and the Defendants, indicted and unindicted co-conspirators and the Defendant, and all potential witnesses and the Defendant. Pending such notice, Defendant reserves his right to make further suppression motions.

# MEMORANDUM OF LAW

Under Rule 12(b) of the Federal Rules of Criminal Procedure, the Defendant must raise, prior to trial, motions to suppress evidence. In order to expedite the preparation for trial and to avoid unnecessary interruptions during trial to hear suppression issues, the Defendant should be given notice of any specific evidence which is arguably subject to a motion to suppress. By such disclosure, the Defendant is alerted to the necessity, if it exists, of making a motion to suppress.

The motion, incidentally, requests notice of evidence "arguably" subject to suppression. This is as it should be. If an argument properly can be made, counsel is entitled to the opportunity to make it. Certainly the attorneys for the government should not sit as judges and decide which issues will be exposed to the adversary process and which will be secreted from it. Indeed, the government conceded as much in <u>Alderman v. United States</u>, 394 U.S. 165 (1969), where it agreed that surveillance records "arguably relevant" to the petitioner's conviction should be turned over to the trial judges for <u>in camera</u> examination, 394 U.S. at 181, and the Supreme Court held that such "arguably relevant" records should be turned over directly to defense counsel, 394 U.S. at 182, 1984 and n. 15 c.f. <u>United States v. Agurs</u>, U.S. 106, 114 (1967).

We also acknowledged that the motion is cast somewhat more broadly that the literal terms of Rule 12(d)(2) and request notice of evidence the government intends to use "in its case-in-chief, rebuttal or otherwise." We submit that the court has inherent authority to so order. See, <u>United States v. Richter</u>, 488 F.2d 170, 173-174d (9th Cir. 1973), and that "...danger of unfair prejudice...undue delay (and) waste of time..." (See Rule 403, Rules of Evidence) for United States Courts and Magistrates, required post-trial disclosure and resolution of all suppression issues. See, <u>Battle v. United States</u>, 345 F.2d 438, 400 (D.C. Cir. 1965) <u>(Per curiam)</u>.

There is no reason to permit a "trial by ambush." See, <u>United States v. Kelly</u>, 420 F.2d 26 (2d Cir. 1979), <u>United States v. Barrett</u>, 703 F.2d 1076 (9th Cir. 1983). The motion is manifestly in the interest of judicial economy, is necessary to safeguard the Defendant's constitutional rights, and therefore should be granted.

WHEREFORE, the undersigned prays for such order as is just and proper.

## MOTION AND MEMORANDUM FOR GOVERNMENT AGENTS
## TO RETAIN ROUGH NOTES AND WRITING

MR. ROBERT BROMLEY, by and through his undersigned counsel, moves this Honorable Court for the entry of an order requiring all government law enforcement officers who investigated the charges in the instant case to retain and preserve rough notes taken at all times as part of their investigation whether formal or informal. These notes shall be kept notwithstanding whether or not the contents of the said notes are incorporated in official records. This motion is made so that the trial court can determine whether disclosure of the said notes is required under Brady v. Maryland, 373 U.S. 83 (1963), and the "Jencks Act" (Title 18, U.S.C. Section 3500).

1. The Defendant relies on the case of United States v. Vella, 562 F.2d 275, 276 (3d Cir. 1977), which holds that "the rough interview notes of F.B.I. agents should be kept so that the trial court can determine whether the notes should be made available to the Defendant under the Rule in Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963) or the "Jencks Act." Cited with approval in United States v. Ammar, 714 F.2d 238 (3d Cir. 1983).

2. Determination as to what constitutes a producible "statement" under the "Jencks Act" is for the Court and not the government agent to make (Title 18 U.S.C. Sections 3500 and 23500[e]).

3. In United States v. Ammar, supra, the Court held additionally that the government must retain and upon motion make available to the district court both the rough notes and the drafts of late typewritten reports of its agents to facilitate the district court's determination whether they should be produced. This requirement, Ammar held should impose no undue burden from the government. Finally, that court noted on

page 259, that the D.E.A. itself has adopted regulations requiring the retention of draft reports, at least in cases where no contemporaneous notes were taken.

4. In <u>United States v. Harrison</u>, 524 F.2d 421 (D.C. Cir. 1975), the Court held that rough, handwritten notes taken by agents of the F.B.I. during an interview of witnesses shortly after the events were potentially discoverable materials required to be preserved and produced even if the notes were not discoverable under the "Jencks Act" and the F.B.I.'s practice of destroying the notes after preparation of the witness interview report was not justified on the grounds that preservation of the notes would impose an intolerable burden on the F.B.I. and that all of the information was preserved in the report. The case of <u>United States v. Harrison,</u> is specifically adopted in the Third Circuit's case of <u>United States v. Vella,</u> <u>supra,</u> see also, <u>United States v. Maynard</u>, 4766 F.2d 1160, 1176-78 (D.C. Cir. 1973) and <u>United States v. Bundy</u>, 472 F.2d 1266, 126 (D.C. Cir. 1972).

In the case of <u>United States v. Terrell</u>, 474 F.2d 872, 877 (2d Cir. 1973), the Second Circuit Court of Appeals has held that the "Jencks Act" imposes no duty on law enforcement officers to retain rough notes when their contents are incorporated in official records and they destroy their notes in good faith. The purpose of the instant motion is to place the government on notice that any destruction of their rough notes cannot be in good faith as of this time forward. The thrust of <u>Terrell</u> is such that such rough notes are producible except when they are destroyed in good faith and it is the position of the Defendant that no destruction can be in good faith after the Defendant's request for the preservation of such investigator's rough notes.

## MOTION AND MEMORANDUM FOR ORDER REQUIRING GOVERNMENT TO PRODUCE GOVERNMENT WITNESSES SO THAT DEFENSE COUNSEL CAN INTERVIEW THEM

MR.ROBERT BROMLEY, by and through his undersigned counsel, moves this Honorable Court for the entry of an Order requiring the government to produce government witnesses herein and/or the names and addresses of their attorneys if known, so that the Defendant and counsel can interview said witnesses. As ground therefore, the undersigned would show:

1. Counsel recognizes that frequently defense attorneys who interview prospective government witnesses wind up facing investigation for alleged obstruction of justice or witness tampering. Often an attorney's fear of this prevents them from properly preparing for trial.

2. The Defendant has the right to interview those who will be called to testify against him. Defense counsel has the "…duty to interview (prospective witnesses) and prepare questions for trial with an eye toward discrediting (the witness') testimony." United States v. Alvarez, 580 F.2d 1251, 1257 (5th Cir. 1978), cited with approval in Stephens v. United States, 595 F.2d 1066, 1068 (5th Cir. 1979).

3. Faced with the awesome responsibility of defending the Defendant against the serious charges filed herein, counsel seeks this Court's assistance in complying with the professional and ethical duty he owes to this client to render effective assistance of counsel in connection with pre-trial interviews of government witnesses. As set forth in United States Ex Rel. Sullivan v. Dulver, F. Supp. 1236, 1252 (E.D. Pa. 1982), "If the right to counsel means anything less than 'untrammeled and unimpaired' assistance, the value of the protection of the Sixth Amendment is lost."

4. In <u>United States v. Johnson</u>, 15 F.2d 1125, 1128 (5th Cir. 1980), the Court observed that "it is the duty of a court-appointed counsel to interview potential witnesses and make an independent examination of the factual circumstances, pleading and law involved." To refuse the Defendant the same right a court-appointed attorney has, rises to the level of a denial of equal protection of the law.

5. Preliminary discovery and investigation indicate that the government intends to rely on unindicted co-conspirators.

6. The Defendant cannot ascertain the whereabouts of these people and/or their respective attorneys.

7. In order to properly prepare this case for trial, the Defendant must interview these witnesses, if they consent to said interview.

8. MR. ROBERT BROMLEY, respectfully moves this Honorable Court to order the government to produce all witnesses so that he may request an interview. Defendant would further move that this request be made in an atmosphere removed from government "control" of the cooperating individuals so that a meaningful request to interview can be made.

9. MR. ROBERT BROMLEY, respectfully moves that these cooperating co-defendants, specifically, and any other witnesses under the government's control be produced so that he may request an interview. The Defendant further moves that said request for an interview be made in an atmosphere free from government control.

10. Defendant avers that the Sixth Amendment to the United States Constitution gives counsel for either side in a criminal case equal access to interview witnesses. The

Defendant will be denied due process of law and a fair trial guaranteed by the Fifth and

Sixth Amendments to the United States Constitution if this motion is not granted.

# MOTION FOR NAMES AND ADDRESSES OF WITNESSES AND INFORMANTS

Comes now the Defendant by and through his undersigned counsel and moves, pursuant to Rule 16(a)(1)(c) of the Fed.R.Crim.P. and supervisory and inherent power of this court to order and regulate discovery (see Rule 16(d)(1) of the Fed.R.Crim.P.). That this Honorable Court order the government to disclose the following:

1. A list of the names and addresses of each and every person who the government intends to call as a witness in the presentation of its case in chief in the trial of the above matter.

2. A list of the names and addresses of each and every person who was interviewed by the government as a prospective, possible, or potential witness for the trial of the above matter.

3. A list of the names and addresses of each and every person who was interviewed by the government in the course of its investigation into the above matter who the government does not intend to call as a witness in its case in chief in the trial of the above matter.

4. A list of each and every person who was interviewed by the government in the course of its own investigation into the background, habits, activities, and whereabouts of the defendant regardless of whether or not the person was an informant.

5. A statement as to whether or not any informant was used in the investigation or preparation of the above matter and, if so, a list of the names and addresses of each informant used in the investigation of the above matter.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION

In support of this motion, the Defendant relies upon U.S. v. Cannone, 528 F.2d 196 (2d

Cir. 1975) 18 Crim. Law 2103, as amended by order of the court, February 17, 1976, where the

court, acknowledging the deletion by Congress of imposed Rule 16(a)(1)(e), nevertheless held

that the production of a witness list is always material and the burden is always on the

government, Rule 16(b) of Fed.R.Crim.P. to justify non-disclosure. The court is clearly in power

to order the government to comply with the above request. U.S. v. Jackson, 508 F.2d 170 (9th

Cir. 1974); U.S. v. Murphy, 480 F.2d 256 (1st Cir. 1974). The court is urged to utilize its power

to grant this motion so counsel for the defendant can act effectively by interviewing and

investigating the as yet unknown witnesses in the case and so counsel can ferret out exculpatory

evidence from them. See, U.S. v. Quinn, 364 F. Supp. 432 (N.D.Ga. 1973); U.S. v. Eley, 335 F.

Supp. 353 (N.D.Ga. 1975). The information requested in paragraph 3 of this motion should be

supplied by the government so that the identity of those witnesses who may possess exculpatory

evidence does not remain hidden forever from the defendant. U.S. v. Houston, 339 F. Supp. 762

(N.D.Ga. 1972). Dennis v. U.S., 384 U.S. 855. The information requested in paragraph 4 is so

that counsel can prepare to cross examine the government experts. The information in paragraph

5 is required so that defense counsel may satisfy his burden under Rovario v. U.S., 353 U.S. 53

(1957).

This Circuit has determined that such disclosure is mandated where it may be relevant

and helpful to the defense or is essential to a fair determination of a cause. U.S. v. Silva, 580

F.2d 144 (5th Cir. 1978).

# BRIEF IN SUPPORT OF MOTION FOR WITNESS LIST

A. <u>Generally</u>:

Numerous courts now require that upon defense motion the court may order the government to make its list of witnesses available in federal criminal cases. <u>U.S. v. Jackson</u>, 508 F.2d 1001 (7th Cir. 1975); <u>U.S. v. Anderson</u>, 481 F.2d 685 (4th Cir. 1973), <u>Aff'd on other grounds</u>, 417 U.S. 211, <u>U.S. v. Cannone</u>, 528 F.2d 296 (2d Cir. 1975); <u>U.S. v. Richter</u>, 488 F.2d 170 (9th Cir. 1973).

As C. Allen Wright observed in 1971:

> "Discovery of names, addresses and criminal records of prospective government witnesses is of importance in the preparation of an adequate defense." <u>Comment – Discovery of Witness Identity Under Preliminary Proposed Federal Criminal Rule 16</u>, 12 William & Mary L.Rev. 604-606 (1971) [footnotes omitted].

Fed.R.Crim.P. 16(a)(1)(c) provides that "upon request of the defendant, the government shall permit the defendant" discovery of matters "which are material to the preparation of his defense or are intended for use by the government as evidence in chief at the trial, or were obtained from or belonged to the defendant." Fed.R.Crim.P. 16(d)(1) continues as authority for protective orders.

By comparing the present Rule 16 to its predecessor, the law has changed by using the mandatory "shall" rather than "may" and by eliminating the requirement of a "showing" of materiality to the preparation of the defense. In addition, the requirement of reasonableness has been deleted, and matters which are "intended for use by the government as evidence in chief at the trial" must now be disclosed. It is apparent from a reading of the revised statute that Congress determined that greater leeway be given in granting discovery to criminal defendants.

B. Specifically in the Instant Case:

This case involves multiple defendants charged with numerous crimes. Only if the government produces a witness list will each defendant be able to establish the identity of those witnesses who claim to have knowledge relating to, either directly or indirectly, that defendant's involvement in the alleged crime. Due to the complexity of the case, the significant number of potential witnesses and the difficulty of counsel in interviewing these witnesses, such a disclosure by the government is essential, adequately in advance of trial. This will insure that each defendant can be prepared for cross examination of the government's witnesses. This would prevent unfair surprise to the defendant and preserve his right of confrontation. U.S. Const., Amend. 6.

The leading case in this jurisdiction on the witness list question is U.S. v. Jackson, 508 F.2d 1001 (7th Cir. 1975). In that case, the Seventh Circuit affirmed the district court's dismissal of an indictment based, in part, on the government's failure to comply with the court's pretrial order requiring the government to disclose its witnesses to be called at trial. The Court of Appeals held that the trial court had the authority to compel the prosecution to provide its list of prospective witnesses. In Jackson, the trial court ordered the disclosure sua sponte because the list of witnesses would:

(1) Enable the court to determine with some degree of accuracy the length of time to be allocated to the trial of the case, thereby facilitating docket control;

(2) Expedite the trial by fostering more purposeful cross examination; and

(3) Protect against the adverse consequences of the situation in which a juror is acquainted with a witness by permitting knowledgeable voir dire questions." Jackson, supra at 1007.

The Court of Appeals affirmed that decision and upheld the dismissal of the indictment.

The circumstances of the instant case are similar to those in Jackson. As is outlined below, this court has the power to order this disclosure and should properly exercise this discretion by ordering the government to disclose its list of witnesses. This order will preserve defendant's rights to a fair trial, to confront his accusers and to have an effective cross examination of government witnesses.

1. There are no grounds to substantiate a denial of defendant's request for witness list.

It is clear that disclosure of government's trial witness list is within the sound discretion of the court. Several cases, in reviewing the use of that discretion, have held that in the absence of a bona fide showing by the government that the witnesses would be in danger or that the government would be prevented from presenting their case or some other factors properly the subject of judicial discretion, disclosure of the prosecution witness list should be ordered. U.S. v. Price, 448 F. Supp. 503 (D.Colo. 1978).

In U.S. v. Price, supra, the court includes an excellent survey of relevant cases in all of the federal circuit courts of appeal. In that regard, the court in Price recognized that witness lists are available in all capital cases. See, 18 U.S.C. Sec. 3432. If any of the defendants are charged with continuing criminal enterprise, the potential sentence for said offense is a life sentence without parole. It must be taken into consideration by this court that a life sentence without parole is a far greater penalty than is mandated or provided for in a classic "capital case" where a life sentence with parole is generally the maximum allowable sentence. In this case, therefore, if one of the defendants face a more severe penalty than in a capital case and therefore should be provided with a list of witnesses as would otherwise and analogously be required by law. 18 U.S.C. Sec. 3432.

Other courts have utilized additional criteria while exercising their sound discretion as to the disclosure of the government's list of witnesses. In U.S. v. Turkish, 458 F. Supp. 874, 881 (S.D.N.Y. 1978), the court paraphrased the factors which should be considered by any court in determining whether or not to order the disclosure of the prosecution's witness list. Those factors were as follows:

(1) Did the offense alleged in the indictment involve a crime of violence?

(2) Have the defendants been arrested or convicted for crimes involving violence?

(3) Will the evidence in the case largely consist of testimony relating to documents (which by their nature are not easily altered)?

(4) Is there a realistic possibility that supplying the witnesses' names prior to trial will increase the likelihood that the prosecution's witnesses will not appear at trial, or will be unwilling to testify at trial?

(5) Does the indictment allege offenses occurring over an extended period of time making preparation of the defendant's defense complex and difficult?

(6) Do the defendants have limited funds with which to investigate and prepare their defense?

As in Turkish, supra, an application of these factors to the instant case leads to the conclusion that the defendants have made a "specific showing of need", outweighing the government's purported fear of danger from disclosure. U.S. v. Turkish, supra at 881.

The facts of the defendant's case when analyzed according to the Turkish criteria, require disclosure. The responses are:

(1) None of the offenses alleged in the instant indictment involve crimes of violence.

(2) The defendant has never been convicted for any crime, specifically he has never been convicted of crimes involving violence.

(3) It is the understanding of the defendants that most, if not all, of the government's witnesses have previously testified under oath before the grand jury thereby making it unlikely that they would refuse to testify at trial.

23

(4) There appears to be no greater likelihood of witnesses not appearing to testify at trial due to the rationale indicated in paragraph 3 above. Moreover, many of the government witnesses were named in the indictment itself.

(5) There are many defendants involved in this case. For this reason, the preparation of the defendant's case is complex and extremely difficult. The government may have a "roomful of documents."

(6) The defendant does, in fact, have limited funds with which to investigate and prepare his defense. Counsel in this case has not been appointed and for that reason the defendant has been burdened with the responsibility of retaining legal counsel with the limited funds which are available to him.

Conclusion:

Because of the facts of the instant case, in which the alleged offenses occurred over a period of several years, the court in the proper use of its discretion should grant defendant's motion and compel the government to supply him with a witness list. Included in this request is a request for the addresses and telephone numbers, if available, of these government witnesses. See gen., U.S. v. Opager, 589 F.2d 799 (5th Cir. 1979) [government refused to provide informants' addresses despite three court orders to do so]; U.S. v. Pollard, 479 F.2d 310 (8th Cir. 1973) [government required to expend "every reasonable effort" to locate informants subpoenaed by the defense]; U.S. v. Henao, 652 F.2d 591, 592 (5th Cir. 1981).

In addition to the rationale previously stated and the Fed.R.Crim.P., the defendant's right to effective assistance of counsel and to confront his accusers requires a disclosure of the government's list of known witnesses in this case.

"The most potent argument for compulsory disclosure of the identity of the prosecution's witnesses is that, without the benefit of such disclosure, the defense may be substantially hampered in its preparation for trial. At a minimum, pretrial ignorance of the identity of the prosecution's witnesses tends to detract from the effectiveness of the defense's objections and cross examination." U.S. v. Cannone, 528 F.2d 296, 301 (2d Cir. 1975).

The defendant is entitled to a list of witnesses since he cannot safely go into trial of this case without a list of witnesses. The government has no countervailing interest in secrecy and,

therefore, in the proper exercise of the court's discretion, and under the Fed.R.Crim.P. and the confrontation clause contained in the Sixth Amendment to the U.S. Constitution of the U.S., this Honorable Court should grant defendant's Motion for List of Witnesses.

## MOTION FOR EARLY DISCLOSURE OF JENCK'S ACT MATERIAL
## AND INCORPORATED MEMORANDUM OF LAW

The Defendant by and through his undersigned counsel moves this Honorable Court for an order requiring the government to provide to the defendant, not less than forty-eight (48) hours prior to the trial of this cause, all statements and reports within the meaning of the Jenck's Act, 18 U.S.C. Sec. 3500.

Although the clear provisions of Title 18 U.S.C. Sec. 3500 do not require the government to produce Jenck's Act material before a witness testifies at the trial on direct examination, the defendant suggests that this court has the inherent power to require the government to produce Jenck's Act material prior thereto unless the government can convince the court that there is some legitimate government interest in not doing so, such as the possibility of witness harassment.

It is submitted that the trial of this cause will be unnecessarily delayed by the government's unwillingness to produce Jenck's Act material at least forty-eight (48) hours prior to the trial hereof. Production of Jenck's Act material at trial will necessitate substantial delays of said trial in order to allow defense counsel an opportunity to review witnesses. Absent a showing of possible witness harassment or some other valid government interest, the court should exercise its inherent power to require early production of Jenck's Act material so as to facilitate an orderly presentation of the government's case.

## MOTION FOR PRODUCTION OF INTERVIEW REPORTS WITH
## INDIVIDUALS WHO WILL NOT BE PERMITTED AS WITNESSES AT TRIAL

Comes now the defendant by and through his undersigned counsel and would move this

Honorable Court to require the government to produce any and all investigative reports of the

Federal Bureau of Investigation, the Drug Enforcement Administration, the Department of

Justice and any other government agencies which contain memorandum of interviews conducted

by agents of said agencies with individuals who will not be called as witnesses at trial and who

were interviewed as part of the investigation which culminated in the above-captioned

indictment. In support of this motion the defendant assigns the following grounds:

1. Only the defendant and not the government nor the court can determine what is

   exculpatory within the meaning of the defendant's theory of his case.

2. That if this motion is not granted, the information requested herein will be forever

   unavailable to the defendant.

3. That the precedent for this request falls from U.S. v. Perkin, 383 F. Supp. 922 & 930, in

   which the court stated:

   > "However, the court finds that there has been a sufficiently specific request (the
   > only request cited in the opinion is for interviews of persons contacted by the
   > government and records of unsuccessful attempts to corroborate allegations made
   > in the indictment). Also to those interview memoranda in reports made from
   > interviews from those persons whom the government has determined not to call as
   > witnesses. Concedingly there are a variety of reasons for not calling a witness but
   > since the better practice is to resolve doubts as to the exculpatory nature of certain
   > materials in favor of the defendant, since the government no doubt has a
   > somewhat different view of the exculpatory or mitigating nature of the materials
   > in its possession, the court directs the government to make available to the
   > defense those memoranda and reports or persons not to be called as witnesses
   > doing so not later than two weeks prior to trial.

WHEREFORE, the defendant prays this Honorable Court will grant the above and foregoing motion for production.

**MOTION FOR DISCLOSURE OF GOVERNMENT'S INTENTION TO INTRODUCE EVIDENCE OF PRIOR OR SUBSEQUENT ACTS, OR CONVICTIONS OF THE DEFENDANT AND MEMORANDUM IN SUPPORT THEREOF**

Comes now, the defendant by and through the undersigned counsel, and herewith moves this Honorable Court to order the government to:

1. Indicate whether it will introduce evidence of prior or subsequent acts or convictions for proof of knowledge or intent as to the Defendant in this case, and if so, to require the government to list all such prior acts and convictions within a reasonable time after granting this motion.

2. Order the government to indicate whether it will use any prior or subsequent felony convictions for impeachment if he testifies, to list by date of conviction and offense any such prior conviction to be used for impeachment purposes.

3. Inform the court and counsel of above insufficient time so that the court may set a pretrial proffer concerning the above matter.

## MEMORANDUM

Rule 404(b) of the Federal Rules of Criminal Procedures sets forth that other crimes, wrongs, or acts may be admissible for the purposes of proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

In light of the admissibility of those convictions, Rule 16(a)(1)(B) of the Federal Rules f Criminal Procedure requires in mandatory terms, the production by the government of defendant's prior record, if any. If any such prior acts, convictions, proof of knowledge, or intent is known to the government, such should be disclosed in the interest of judicial economy and to safeguard defendant's constitutional rights. As set forth in United States v. Kelly, 420 F.2d 26 (2d Cir. 1979), "There is no reason to permit a 'trial by ambush'". See also, United States v. Barett, 703 F.2d 1076 (9th Cir. 1983). The Requirement of Hearing Section.

## MOTION TO JOIN MOTIONS OF CO-DEFENDANTS

Defendant respectfully requests this Court to allow him to join in any and all motions filed on behalf of any co-defendants which are applicable to him. Should facts develop by subsequent investigation, testimony or pre-trial discovery or provide the basis for additional pre-trial motions, defendant requests that he be deemed to have reserved the right to file same. The Court in its discretion may set a time for filing pre-trial motions and permit an extension thereof. Federal Rules of Criminal Procedure 12(f), <u>United States v. Smith</u>, 318 F.2d 1501, 1507 (11th Cir. 1990).

## MOTION TO SUPPRESS AUDIO AND VIDEO RECORDING EVIDENCE

*Contra* Government's Starks' Motion, the defendant by and through the undersigned counsel, and herewith moves this Honorable Court to suppress audio and video recordings pertaining to the defendant, and avers as follows:

1. The audio/video recording taken June 3, 2010 of FBI cooperator allegedly purchasing five (5) Oxycodone tablets from defendant for $100.00 was taken illegally and therefore should be suppressed. *See attached FBI 302 Report as Exhibit "A."*

2. The audio/video recording taken June 8, 2010 of FBI cooperator allegedly purchasing four (4) Percocet tablets from defendant for $40.00 was taken illegally and therefore should be suppressed. *See attached FBI 302 Report as Exhibit "B."*

Note:   There was another meeting that took place between the FBI cooperator and Mr. Bromley that took place on May 27, 2010; however the recorder malfunctioned. *See attached FBI 302 Report as Exhibit "C."*

## MEMORANDUM

In <u>United States v. Starks</u>, 515 F.2d 112, (3d Cir. 1975), the Court requires the Government to establish the following before a tape recording can be admitted into evidence:

(1) That the recording device was capable of taking the conversations now offered in evidence.

(2) That the operator of the device was competent to operate the device.

(3) That the recording is authentic and correct.

(4) That changes, additions or deletions have not been made in the recording.

(5) That the recording had been preserved in a manner that is shown to the court.

(6) That the speakers are identified.

(7) That the conversation elicited was made voluntarily and in good faith, without any kind of inducement.

The Federal Rules of Evidence Rule 403 states: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Rule 403 requires the exclusion of evidence whose probative is substantially outweighed by the danger of unfair prejudice. Any evidence suggesting guilt is "prejudicial;" a court is only required to exclude evidence that would "persuade by illegitimate means." <u>United States v. Blyden</u>, 27 V.I. 381, 964 F.2d 1375, 1378 (3d Cir. 1992).

In the instant case, the alleged drug deal is not on either of the videos; therefore, one cannot see what is being exchanged. The video recordings do not prove any wrongdoing on the part of Mr. Robert Bromley as the video does not show what took place. This evidence, if

admitted, would unfairly prejudice the defendant and mislead the jury into thinking that a crime

took place.

FD-302 (Rev. 10-6-95)

- 1 -

FEDERAL BUREAU OF INVESTIGATION

Date of transcription    6/04/2010

       The following is a summary of an audio/video recording that took place between the Source and Robert Bromley.

       The Source related that Robert Bromley was contacted by telephone by the Source at approximately 6:00AM. The Source told Bromley that the Source was starting to walk over to Bromley's work station. Bromley told the Source that they should meet by the bathroom. The Source meet Bromley by the bathroom in building 3-57 on the Boeing property and gave Bromley $100.00 dollars. Bromley told the Source that he had five (5) for the Source and handed the Source a white packet that contained the tablets.



DEFENDANT'S
EXHIBIT
A

Investigation on    6/03/10        at              Ridley, Pennsylvania

File #  2020-PH-104065 SH            Date dictated    6/04/10

by    SA Raymond J. Carr:rjc

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency.

FD-302 (Rev. 10-6-95)

- 1 -

FEDERAL BUREAU OF INVESTIGATION 

Date of transcription    6/09/2010

        The following is a summary of an audio/video recording
that took place between the Source and Robert Bromley.

        The Source related that based upon a previous
conversation with Robert Bromley on the morning of 6/8/2010,
Bromley stated that he had four (4) Percocet tablets for the
Source. The Source after entering the Boeing Property entered
building 3-57 and walked over to Bromley's work table in his shop.
Bromley place a pair of gloves on the bench and then said to the
Source, you wanted four (4) right and the Source replied yes.
Bromley stated that he forgot what he had told the Source and that
he had a bad morning. The Source in return gave to Bromley $40.00
dollars in United States currency. The Source then left building
3-57.


DEFENDANT'S
EXHIBIT
B

Investigation on    6/08/10    at              Ridley, Pennsylvania

File #  709C-PH-104066 Sub                  Date dictated   6/09/10

by    SA Raymond J. Carr:rjc

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency;
it and its contents are not to be distributed outside your agency.

FD-302 (Rev. 10-6-95)

- 1 -

## FEDERAL BUREAU OF INVESTIGATION

Date of transcription  5/27/2010

      The following is a summary of a meeting that took place between the Source and Robert Bromley. The Hawk recorder worn by the Source malfunctioned.

      The Source was instructed that after the Source returned from the bank with the money to meet Bromley at his work station in building 3-57. The Source related that he/she went into building 3-57 and approached Bromley at his work station in the Back Shop located in building 3-57. The Source walked up to Bromley's desk and handed Bromley $80.00 dollars in United States currency. Bromley handed the Source twelve tablets, four that were orange and eight that were white, wrapped in clear plastic. Bromley then went inside his desk and handed the Source a small yellow manilla envelope and placed the tablets inside of this envelope and handed it to the Source. The Source then left building 3-57 and entered his vehicle.



DEFENDANT'S EXHIBIT
C

---

Investigation on   5/27/10   at    Ridley, Pennsylvania

File # ████████████████████         Date dictated  5/27/10

by   SA Raymond J. Carr:rjc

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency.

## CERTIFICATE OF SERVICE

I, Angelo L. Cameron, Esquire, do hereby certify that I have served electronically by

ECF a copy of the Defendant's Omnibus Motion, upon:

> Ashley K. Lunkenheimer, AUSA
> U.S. Attorney's Office
> 615 Chestnut Street
> Suite 1250
> Philadelphia, PA 19106

> Faithe Moore Taylor, AUSA
> U.S. Attorney's Office
> 615 Chestnut Street
> Suite 1250
> Philadelphia, PA 19106

> Honorable C. Darnell Jones, II
> U.S. Courthouse
> 601 Market St., Rm. 13613
> Philadelphia, PA 19106

Angelo L. Cameron, Esquire

Date: December 8, 2011