## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :

                v.          :          CRIMINAL NO. 10-720

ROBERT S. BROMLEY          :

### ORDER

AND NOW, this          day of                    , 2012, upon consideration of the defendant's omnibus discovery motion, the government's response thereto, and the government's motion to admit audio/video recordings, it is hereby

ORDERED

that:

    - defendant's Motion for Additional Discovery is DENIED;

    - defendant's Request for Notice of the Government's Intent to Use Evidence Subject to Suppression is DENIED as moot;

    - defendant's Motion for Government Agents to Retain Rough Notes is GRANTED;

    - defendant's Motion to Require Government to Produce Witnesses for Defense to Interview is DENIED;

    - defendant's Motion to Produce Names and Addresses of Witnesses and Informants is DENIED;

    - defendant's Motion for Early Disclosure of Jencks Material is DENIED as moot;

    - defendant's Motion for Production of Interview Reports with Individuals who Will Not be Witnesses at Trial is DENIED;

    - defendant's Motion for Disclosure of Government's Intention to Introduce Rule 404(b)

Evidence is DENIED as moot;

      - defendant's Motion to Join in Motions of Co-Defendants is DENIED; and

      - defendant's Motion to Suppress Audio and Video Recording Evidence is DENIED; government's Motion to Admit Audio/Video Recordings is GRANTED and the Court, pursuant to Local Rule of Criminal Procedure 41.1(c), finds the following as to the Government's tape recordings and accompanying transcripts:

      1.  The recording device used was capable of accurately recording the conversations;

      2.  The operator of the recording device was competent;

      3.  The tape recordings are authentic and correct;

      4.  There have been no changes in, additions to, or deletions from the tape recordings;

      5.  The tape recordings have been properly preserved;

      6.  The speakers on the tape recordings are properly identified;

      7.  The consenting party to the recording freely and voluntarily consented to the tape recording of the conversations; and

2

8.  The transcripts of the tape recordings accurately represent the conversations on the tape recordings and accurately identify the speakers and parties to the tape recorded conversations.

BY THE COURT:

_____

HONORABLE C. DARNELL JONES II
*Judge, United States District Court*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 10-720 |
| ROBERT S. BROMLEY | : | |

**GOVERNMENT'S OMNIBUS RESPONSE TO
DEFENDANT'S OMNIBUS DISCOVERY MOTION AND
GOVERNMENT'S MOTION TO ADMIT AUDIO/VIDEO EVIDENCE**

The United States of America, by its attorneys, Zane David Memeger, United

States Attorney for the Eastern District of Pennsylvania, and Faithe Moore Taylor and Ashley K.

Lunkenheimer, Assistant United States Attorneys for the District, hereby responds to defendant

Robert S. Bromley's Omnibus Discovery Motion and moves to admit audio/video evidence.

A.      Background

The indictment in this case charges the defendant with three counts of illegally

distributing oxycodone, in violation of Title 21, United States Code, Section 841(a)(1), all arising

from his illegal distributions of prescription medications to Integrated Defense Systems

employees at the Boeing Company's Ridley Park, PA facility.  The defendant, through counsel,

now files an omnibus motion comprising 10 separate requests.  The government will respond to

each in turn, and also moves to admit certain audio/video recordings in any trial of this matter.

B.      Argument

1.      Response to Bromley's Motion for Additional Discovery

Bromley requests two types of materials in his Motion for Additional Discovery.

First, he asks for the substance of any oral statements he made, as well as the substance of any

2

statements made by any co-defendants, co-conspirators, and others which the government intends to use at trial.  Second, Bromley asks for a long list of other types of materials, all of which may be characterized as <u>Brady</u> or <u>Giglio</u> material, that is, material which is either potentially exculpatory, or which may be used to impeach a witness.  Neither request is warranted.

       In its initial discovery production the government provided Bromley with copies of reports summarizing his statements to government investigators and witnesses and video/audio tapes of the defendant, as required by FED. R. CRIM. P. 16.  Statements made by co-defendants, co-conspirators, and other witnesses are not discoverable under FED. R. CRIM. P. 16, but are governed by the Jencks Act, 18 U.S.C. § 3500.  The Jencks Act requires the government to produce the statements of any witness called at trial, after the witness's testimony on direct examination is completed.  Thus, Bromley has no grounds to seek the discovery of witness statements right now and he requests something that by law the Court is not permitted to do.  <u>United States v. Murphy</u>, 569 F.2d 771, 773 (3d Cir. 1978) ("The blunt command of the statute together with the unequivocal legislative history has led to unbroken precedent in the Courts of Appeals denying to district courts the power to compel production of the statements of government witnesses until the conclusion of direct examination at the trial.")

       Moreover, out of consideration for the defendant, the government intends, absent some countervailing need to protect particular witnesses, to provide <u>Jencks</u> material to defense counsel three days prior to trial.

       Bromley also asks for a laundry list of <u>Brady</u>/<u>Giglio</u> material.  The government does not dispute that the defendant is entitled to all such material.  In this matter, the government is currently unaware of any potential <u>Brady</u> material.  However, the government will comply with

its discovery and Brady obligations.  Before asking the court to intervene, the defense must make

a "plausible showing" that the files to be reviewed contain "material evidence."  Pennsylvania v.

Ritchie, 480 U.S. 39, 59, n.15 (1987). ; Smith v. Cromer, 159 F.3d 875, 882 (4th Cir. 1998);

Riley v. Taylor, 277 F.3d 261, 301 (3d Cir. 2001) (panel opinion appended to en banc opinion on

other issues); United States v. Henke, 222 F.3d 633, 642 (9th Cir. 2000); United States v.

Merlino, 349 F.3d 144, 154-55 (3d Cir. 2003).  Defense has not made such a "plausible

showing."  Therefore, his motion for additional discovery should be denied.[1]

    2.    Response to Bromley's Request for Notice of the Government's Intent to Use
        Evidence Subject to Suppression

Bromley requests notice of the government's intent to use evidence subject to a

motion to suppress.

FED. R. CRIM. P. 12(b)(4)(B) provides that a defendant "may, in order to have an

opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the

government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may

be entitled to discover under Rule 16." "[E]vidence that is not subject to Rule 16 disclosure, is

not subject to the notice requirement of Rule 12(b)(4)(B)." United States v. Cheatham, 500

F.Supp. 2d 528, 534 (W.D.Pa.,2007). Because the expressed purpose of 12(b)(4)(B) is to allow a

---

[1]    It should be noted that this is not the first motion for discovery made by the defendant in
this case.  On October 12, 2011, the defendant filed two motions, one for discovery and
inspection (Dkt. 14) and one for Brady and early Jencks materials (Dkt. 15).  At the time of those
motions, his case was before the Honorable Cynthia M. Rufe.  At a hearing on those motions, see
Transcript of Mot. Hrg., Oct. 24, 2012 (Dkt. 24), the Court denied both motions without
prejudice as premature.  During the hearing, the Court noted as to the Brady materials requested
that defense counsel has to have "a specific reason why [he] think[s] Brady exists."  Tr. at 10.  In
this current iteration of his motion, the defendant has not cured the failure to make a "plausible
showing."

defendant to have an opportunity to suppress evidence, the government need only give notice of evidence which it intends to use in its case in chief and which the defendant has standing to move to suppress. See United States v. de la Cruz-Paulino, 61 F.3d 986, 994 (1st Cir. 1995); United States v. Robinson, 390 F.3d 853 (6th Cir. 2004).

In Bromley's case, the government has not identified any evidence the government will seek to introduce at trial that is subject to a suppression motion.[2]  To the extent Bromley also seeks to be notified of the circumstances surrounding the recording of conversations with the defendant and government agents, the government has already provided the defendant with discovery explaining the circumstances of such recordings.  Bromley's request for notice of the government's intent to use evidence subject to a motion to suppress should be denied as moot.

   3.   Response to Bromley's Motion for Government Agents to Retain Rough Notes

Bromley moves for an order requiring that the government preserve all rough notes taken by law enforcement officers who investigated this case.  The government recognizes its obligation to preserve rough notes and will do so. United States v. Vella, 562 F.2d 275 (3d Cir. 1977).  However, these notes are preserved only to permit prosecutors and then, if necessary, trial judges to review the notes to assure that no Jencks or Brady material is present in the notes. If no such material exists in the notes, the notes are not produced to the defense.  United States v. Ramos, 27 F.3d 65, 68 (3d Cir. 1994).

---

[2]      As stated, infra, it is the government's position that the defendant does not have a legal basis for suppression of the audio/video evidence in this case, and the defendant's request is more properly brought as a motion in limine.

4.    Response to Bromley's Motion to Require Government to Produce Witnesses for Defense to Interview

Bromley requests an order compelling the government to produce its witnesses so that defense counsel can interview them.

There is no statute requiring disclosure of the government's witness list.  "[I]n no event is the Government required to divulge the identity of its witnesses in a noncapital case." U.S. v. Addonizio, 451 F.2d 49 (3d Cir 1971); U.S. v. Casseus, 282 F.3d 253, (3d. Cir. 2002); U.S. v. DiPasquale, 740 F.2d 1282 (3d Cir. 1984). See also Weatherford v. Bursey, 429 U.S. 545, 559 ("It does not follow from the prohibition against concealing evidence favorable to the accused that the prosecution must reveal before trial the names of all witnesses who will testify unfavorably.").  However, "the district court, within its discretion, may order such disclosure to ensure the effective administration of the criminal justice system." United States v. Higgs, 713 F.2d 39, 44 n. 6 (3d Cir. 1983).  It is likewise within the discretion of a court to refuse to compel such disclosure where such disclosure may endanger the witnesses.  Government of the Virgin Islands v. Martinez, 847 F.2d 125, 128 (3d Cir.1988).  A request to compel disclosure has been denied where no compelling justification for such disclosure was offered.  See, e.g., Casseus, 282 F.3d at 257.

In Bromley's case, he is charged with illegally distributing oxycodone to an individual cooperating with the government on three occasions in less than a one month time period; contrary to defendant's omnibus motion, no other defendants are charged with Bromley. Bromley has offered no compelling justification for disclosure of the government's witness list. Having failed to make such an offering, Bromley's motion for disclosure of government

6

witnesses should be denied. However, to the extent that the government is able to address any witness security concerns, prior to the commencement of the trial in this matter, the government intends to produce to the Court and to defense counsel a list of the witnesses the government intends to call in its case-in-chief.

     5.    <u>Response to Bromley's Motion to Produce Names and Addresses of Witnesses and Informants</u>

     Bromley next moves for an order compelling the disclosure of the names and addresses of all the people the government interviewed in connection with this investigation, whether or not the government intends to call them as witnesses at trial; and the names and addresses of any informant used in the investigation.

     As argued above, the defendant is not entitled to disclosure of the government's witness list.  Still less is he entitled to a list of people the government has interviewed who will not be witnesses at trial.  Bromley argues that he needs to interview those people to find out any exculpatory material they may have.  As noted above, the government recognizes its duty to provide any <u>Brady</u> material it may have uncovered during its investigation.  His motion should be denied.

     6.    <u>Response to Bromley's Motion for Early Disclosure of Jencks Material</u>

     As stated in Response #1, the government's position on the disclosure of Jencks materials is as follows: Out of consideration for the defendant, the government intends, absent some countervailing need to protect particular witnesses, to provide <u>Jencks</u> material to defense counsel three days prior to trial.  Bromley's motion for early disclosure of Jencks material should be denied as moot.

7

7.     Response to Bromley's Motion for Production of Interview Reports with
Individuals who Will Not be Witnesses at Trial

Bromley moves for an order requiring the government to produce reports of interviews of people who will not be called as witnesses at trial, on the grounds that only the defendant and the court can determine what is exculpatory based on the defendant's theory of the case.

Neither FED. R. CRIM. P. 16 nor the Jencks Act provides for the discovery, inspection, or production of statements made by people who will not testify at trial. Bromley is basically seeking Brady material. As such, Bromley's motion should be denied as moot as the government has, and will continue to comply with its Brady obligations. The government has not discovered any Brady materials in this case. However, should the government become aware of any material, it shall be promptly provided to the defense.

Further, case law weighs against Bromley's assertion that the defense determines what is exculpatory. "In the typical case where a defendant makes only a general request for exculpatory material under Brady v. Maryland, 373 U.S. 83 (1963), it is the State that decides which information must be disclosed. Unless defense counsel becomes aware that other exculpatory evidence was withheld and brings it to the court's attention, the prosecutor's decision on disclosure is final." Pennsylvania v. Ritchie, 480 U.S. 39, 59 (1987). Before asking the court to review, defense must make a "plausible showing" that the files to be reviewed contain "material evidence." Id. at n. 15; Smith v. Cromer, 159 F.3d 875, 882 (4th Cir. 1998); Riley v. Taylor, 277 F.3d 261, 301 (3d Cir. 2001) (panel opinion appended to *en banc* opinion on other issues); United States v. Henke, 222 F.3d 633, 642 (9th Cir. 2000); United States v.

8

Merlino, 349 F.3d 144, 154-55 (3d 2003).  Bromley has not made a plausible showing that the

interviews of non-witnesses contain material exculpatory evidence.  Therefore, his motion should

be denied.

        8.      <u>Response to Bromley's Motion for Disclosure of Government's Intention to
Introduce Rule 404(b) Evidence</u>

        Bromley moves for an order requiring the government to indicate whether it will

introduce 404(b) evidence, including any of his prior convictions, to list all such prior acts and

convictions by date, and to do so in sufficient time to have a pre-trial proffer.

        Federal Rule of Evidence 404(b) provides that "upon request by the accused, the

prosecution in a criminal case shall provide reasonable notice in advance of trial ... of the general

nature of any such evidence it intends to introduce at trial."  However, courts have been lenient in

their interpretations of both "reasonable notice" and "general nature."  Courts have held that the

government has provided reasonable notice of its intent to use 404(b) evidence when it has given

notice a week before trial, <u>United States v. Blount</u>, 502 F.3d 674, 678 (7th Cir. 2007), several

days before trial,  <u>United States v. Preciado</u>, 336 F.3d 739, 745 (8th Cir.2003), and even 48 hours

before trial, <u>United States v. Watson</u>, 409 F.3d 458, 465-66 (D.C. Cir.2005).  In addition, courts

have generally found that the government's 404(b) notice need not be very specific to meet Rule

404(b)'s requirement that the government provide the "general nature" of the evidence. <u>See</u>, <u>e.g.</u>,

<u>United States v. Russell</u>, 109 F.3d 1503, 1507 (10th Cir.1997) (court found the government's

notification that it might offer "prior and subsequent conduct involving the distribution of

controlled substances" to be sufficient under 404(b)); <u>United States v. Erickson</u>, 75 F.3d 470, 478

(9th Cir.1996) (sufficient notice under 404(b) where doctor on trial for Medicare fraud was

informed that a former colleague would be testifying about the defendant's shady billing practices at another clinic, even though he "did not know specifically what testimony the government planned to use.").

The government understands that the Court will be setting a scheduling order in this case, which will include a deadline by which the government must file motions relating to 404(b). The government intends to comply with any deadline set by the Court, and will provide a copy of any motion to defense counsel, thereby notifying him of the specific 404(b) evidence at issue and the legal theory for the admissibility of such evidence. For these reasons, Bromley's motion should be denied as moot.

9.     Response to Bromley's Motion to Join in Motions of Co-Defendants

Bromley moves to join in any co-defendants' motions that are applicable to him, and to reserve the right to file additional pre-trial motions should the need arise. As stated, infra, the defendant is not charged with any other individuals – i.e. there are no co-defendants in this case.

10.    Response to Bromley's Motion to Suppress Audio and Video Recording Evidence and Government's Motion to Admit Audio/Video Recordings

Bromley moves to suppress the audio and video evidence collected in this case. The circumstances of the collection of that evidence is summarized as follows:

On June 3, 2010, the defendant and an individual cooperating with the government (the "CS") met by the bathroom in building 3-57 on the Boeing Company's Ridley Park, PA campus for the purpose of the defendant selling oxycodone tablets to the CS. At the meeting, the defendant gave the CS a white Magic alcohol swab packet that contained five

10

tablets of oxycodone hydrochloride 30mg in exchange for $100.  The meeting was audio/video recorded by a camera secreted on the CS's person.

On June 8, 2010, the defendant again met with the CS for the purpose of selling him oxycodone tablets; this time the meeting took place in building 3-57 by the defendant's work station.  At the meeting, the defendant gave the CS a pair of gloves in which were secreted four Endocet 10mg tablets containing oxycodone as the active ingredient in exchange for $40.  This meeting also was audio/video recorded by a camera secreted on the CS's person.[3]

Bromley does not argue any legal basis for his assertion that the audio/video recordings were "illegally taken."   Nor could he because the CS consented to the audio/video interception of his meetings with the defendant:  Pursuant to 18 U.S.C. § 2511(2)(c), it is lawful for a person acting under color of law to intercept a wire or oral communication when one of the parties to the communication has given prior consent.  This obviates any need for a warrant or court approval prior to the interception of this type of communication.  United States v. Armocida, 515 F.2d 49, 52 (3d Cir.), cert. denied, 423 U.S. 858 (1975); United States v. Santillo, 507 F.2d 629 (3d Cir.), cert. denied, 421 U.S. 968 (1975).  The defendant's motion is more properly characterized as a motion in limine to exclude the evidence pursuant to Federal Rules of Evidence 401, 402 and 403, as the defendant essentially is claiming that the evidence is not relevant and therefore is unduly prejudicial.

Federal Rule of Evidence 402 provides that "all relevant evidence is admissible." Fed. R. Evid. 402.  Evidence is relevant if it has the "tendency to make the existence of any fact

---

[3]      As noted by the defendant, federal agents attempted to audio and video record a third illegal transaction between the defendant and the CS, which took place on May 27, 2010, but the recorder malfunctioned and no audio or video recording was made.

that is of consequence to the determination of the action more or less probable." Fed. R. Evid. 401.  Relevant evidence should be admitted unless its "probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403.

    The recording of the meetings between the defendant and the CS that capture the precise illegal actions with which the defendant is charged are clearly relevant – contrary to defendant's assertions, each audio/video recording captures the charged illegal distribution to which it relates.  Therefore it is direct evidence of two of the three charged illegal distributions, and corroborates the testimony of the CS and the agents of those distributions.  It also will serve to present the jury with an accurate picture of the circumstances of the charged illegal distributions and the demeanor of the persons involved.

    The CS's account of the illegal distributions and his/her credibility in the eyes of the jury go to the central issue in the case: whether the defendant made the illegal distributions with which he is charged.  The recordings certainly make the CS's account more probable if it corroborates his/her testimony at trial.  At the same time, it makes the CS's account less probable if it shows his/her trial testimony to be inaccurate.  Insomuch as the recordings are of two of the three distributions with which the defendant is charged, they are extremely probative of those charges.  Clearly they are prejudicial to the defendant – they show him committing the crimes with which he is charged.  But evidence poses a danger of <u>unfair</u> prejudice only if it suggests a decision on an improper basis.  <u>See</u> Fed. R. Evid. 403, Advisory Committee Note.  "Rule 403 makes explicit that the law shields a defendant 'against <u>unfair</u> prejudice, not against <u>all</u> prejudice.'" <u>United States v. Smith</u>, 292 F.3d 90, 99 (1st Cir. 2002), <u>citing</u> <u>United States v. Candelaria-Silva</u>, 162 F.3d 698, 705 (1st Cir 1988) (internal quotation marks omitted).  In this

case, there is nothing contained on the audio/video recording that suggests a decision on an improper basis and the defendant has not asserted otherwise.  For the reasons stated below, these recordings should be admitted at trial.

11.  <u>Government's Motion to Admit Audio/Video Recordings</u>

The government hereby moves for the admission of audio/video recordings at the trial of the above-captioned matter and in support thereof avers.  At any trial of the above-listed matter, the Government will offer into evidence the following audio/video recordings:

a.  A recording of a meeting between the defendant and an individual cooperating with the government (the "CS") that took place on June 3, 2010 on the Boeing Company's Ridley Park, PA campus; and

b.  a recording of a meeting between the defendant and the CS on June 8, 2010, which also took place on the Ridley Park, PA campus.

The Government has made these recordings available to counsel, and intends to make transcripts of these recordings available to defense counsel in a timely manner.

As to these audio/video recordings described above, the Government avers:

a.  The recording devices used were capable of accurately recording what is depicted in the recordings;

b.  The operators of the recording device were competent;

c.  The recordings are authentic and correct;

d.  There have been no changes in, additions to, or deletions from the recordings; and

e.  The recordings have been properly preserved.

13

In presenting this motion, the government observes the decision in <u>United States</u> <u>v. Starks</u>, 515 F.2d 112 (3d Cir. 1975), which held "that the burden is on the government 'to produce clear and convincing evidence of authenticity and accuracy as a foundation for the admission of such recordings,'" <u>id.</u> at 121 (quoting <u>United States v. Knohl</u>, 379 F.2d 427, 440 (2d Cir. 1967)), and that the following factors are the generally relevant considerations:

> (1) That the recording device was capable of accurately recording accurately the conversations now offered in evidence.
>
> (2) That the operator of the device was competent to operate the device.
>
> (3) That the recordings are authentic and correct.
>
> (4) That changes, additions or deletions have not been made in the recordings.
>
> (5) That the recordings have been preserved in an appropriate manner.
>
> (6) That the speakers are identified.
>
> (7) That the conversations elicited were made voluntarily and in good faith, without any kind of inducement.

<u>Starks</u>, 515 F.2d at 121 n.11.

However, the ruling in <u>Starks</u>, both as to burden and content of proof, was substantially undermined by the later adoption of the Federal Rules of Evidence.  In particular, Rule 901 now sets forth the appropriate test for a showing of authenticity of evidence, in order to allow the jury to consider that evidence.  Rule 901(a) states: "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."

The Third Circuit has held that "[t]he burden of proof for authentication is slight." <u>McQueeney v. Wilmington Trust Co.</u>, 779 F.2d 916, 928 (3d Cir. 1985).  The rule does not

14

"require anything more than a prima facie showing that the evidence is what its proponent claims it to be." In re Japanese Electronic Products Antitrust Litigation, 723 F.2d 238, 285 (3d Cir. 1983), rev'd on other grounds, 475 U.S. 574 (1986).  "All that is required is a foundation from which the fact-finder could legitimately infer that the evidence is what its proponent claims it to be." Id.  After this preliminary determination, the final assessment of authenticity is left to the jury. Id.

        Thus, to the extent that Starks required "clear and convincing evidence," it is no longer good law with respect to the preliminary finding to be made by the trial court.  Moreover, to the extent that Starks suggests a particular formulation must be followed to establish authenticity of tape recordings, it is not valid.

        To be sure, in some cases the factors listed in Starks may remain relevant to the preliminary determination.  This is particularly so in a case in which the participants to the conversation are not available, and the government must establish the identity of the persons on the recording and the absence of any malfunction or alteration.  See Rule 901(b)(9) (evidence may be authenticated by proof "describing a process or system used to produce a result and showing that the process or system produces an accurate result").

        Here, all of the relevant factors outlined in Starks are met for the government's audio/video recordings described above and these recordings are admissible at trial.

C.     CONCLUSION

        WHEREFORE, the United States respectfully requests that the Court:

        - deny the defendant's Motion for Additional Discovery;

        - deny the defendant's Request for Notice of the Government's Intent to

15

Use Evidence Subject to Suppression;

        - grant the defendant's Motion for Government Agents to Retain Rough Notes;

        - deny the defendant's Motion to Require Government to Produce Witnesses for Defense to Interview;

        - deny the defendant's Motion to Produce Names and Addresses of Witnesses and Informants;

        - deny the defendant's Motion for Early Disclosure of Jencks Material;

        - deny the defendant's Motion for Production of Interview Reports with Individuals who Will Not be Witnesses at Trial;

        - deny the defendant's Motion for Disclosure of Government's Intention to Introduce Rule 404(b) Evidence;

        - deny the defendant's Motion to Join in Motions of Co-Defendants;

        - deny the defendant's Motion to Suppress Audio and Video Recording Evidence; and

16

-grant the government's Motion to Admit Audio/Video Recordings.

Respectfully yours,

ZANE DAVID MEMEGER
United States Attorney


_____/s/_____
FAITHE M. TAYLOR
ASHLEY K. LUNKENHEIMER
Assistant United States Attorneys

17

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the Government's Omnibus

Response to Defendant's Omnibus Discovery Motion and Motion to Admit Audio/Video

Recordings has been served by electronic filing upon:

Angelo L. Cameron, Esquire
Attorney for Robert S. Bromley


_____/s/_____
FAITHE MOORE TAYLOR
ASHLEY K. LUNKENHEIMER
Assistant United States Attorneys


Dated:  January 23, 2012