# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CRIMINAL NO. 10-720 |
| MR. ROBERT BROMLEY | : |

## ORDER

AND NOW, this _____ day of _____, 2012, upon consideration of Defendant's Response to the Government's Motion to Admit Audio/Video Recordings, it is hereby ORDERED AND DECREED that the Government's Motion is DENIED and the audio/video recordings be suppressed.

BY THE COURT:

_____
Honorable C. Darnell Jones, II

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

A. Lee Cameron, LLC
By: Angelo L. Cameron, Esquire
Identification No. 51058
100 South Broad Street, Suite 2226
Philadelphia, PA 19110
(215) 564-5022 Ext. 103 – Telephone
(215) 557-7651 – Facsimile
angelocameron@msn.com

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| | : | |
| v. | : | CRIMINAL NO. 10-720 |
| | : | |
| MR. ROBERT BROMLEY | : | |

## DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION
## TO ADMIT AUDIO/VIDEO RECORDINGS

In <u>United States v. Starks</u>, 515 F.2d 112, (3d Cir. 1975), the Court requires the Government to establish the following before a tape recording can be admitted into evidence:

(1) That the recording device was capable of taking the conversations now offered in evidence.

(2) That the operator of the device was competent to operate the device.

(3) That the recording is authentic and correct.

(4) That changes, additions or deletions have not been made in the recording.

(5) That the recording had been preserved in a manner that is shown to the court.

(6) That the speakers are identified.

(7) That the conversation elicited was made voluntarily and in good faith, without any kind of inducement.

The Federal Rules of Evidence Rule 403 states: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the

following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Rule 403 requires the exclusion of evidence whose probative is substantially outweighed by the danger of unfair prejudice. Any evidence suggesting guilt is "prejudicial;" a court is only required to exclude evidence that would "persuade by illegitimate means." United States v. Blyden, 27 V.I. 381, 964 F.2d 1375, 1378 (3d Cir. 1992).

In the instant case, the alleged drug deal is not on either of the videos; therefore, one cannot see what is being exchanged. The video recordings do not prove any wrongdoing on the part of Mr. Robert Bromley as the video does not show what took place. This evidence, if admitted, would unfairly prejudice the defendant and mislead the jury into thinking that a crime took place.

WHEREFORE, Defendant respectfully requests that the audio and video recordings be suppressed and the Government's motion be denied.

Respectfully submitted,

Angelo L. Cameron, Esquire

January 26, 2012

# CERTIFICATE OF SERVICE

I, Angelo L. Cameron, Esquire, do hereby certify that a true and correct copy of the foregoing Defendant's Response to the Government's Motion to Admit Audio/Video Recordings has been served this 26th day of January, 2012, via ECF, upon the following:

Ashley K. Lunkenheimer, AUSA
U.S. Attorney's Office
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106

Faithe Moore Taylor, AUSA
U.S. Attorney's Office
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106

Honorable C. Darnell Jones, II
U.S. Courthouse
601 Market St., Rm. 13613
Philadelphia, PA 19106

                                                                                        _____
                                                                                        Angelo L. Cameron, Esquire